IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEITHON HANKINS | § | |
| v. | § | CIVIL ACTION NO. 6:06cv402 |
| | | (Crim. No. 6:00cr1) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Keithon Hankins, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hankins was convicted of conspiracy to distribute narcotics on October 17, 2001, receiving a sentence of 188 months in prison. The Guideline range was 292 to 365 months, but the Court granted a downward departure over the objections of the Government. Hankins signed his motion to vacate or correct sentence on August 31, 2006. In this motion, he asserted that he was denied his right to appeal because his attorney persuaded him not to, and the prosecutor committed misconduct by allowing him to cooperate and then not making the extent of his cooperation known to the Court.

In an attached memorandum, Hankins asserted that he was told by his attorney, Clifton Broden, that he could cooperate and earn a sentence reduction. He says that he provided substantial assistance, but no reduction of any kind was recommended or considered. When he said that he wanted to appeal, Broden told him that he was eligible for a sentence reduction under Rule 35, Fed.

R. Crim. Pro., and that a motion to this effect would be filed after sentencing. However, no such motion was ever filed.

Hankins contends that he was misled by Broden concerning a sentence reduction and so he is entitled to equitable tolling of the statute of limitations. He claims that he exercised "due diligence" despite being misled in this manner. He again says that he was told that he should not appeal and says that he tried to contact Broden several times after sentencing but to no avail. Hankins says that he did not file a timely 2255 petition because he was waiting on the rule 35 sentence reduction.

The Magistrate Judge ordered the Government to answer Hankins' motion to vacate or correct sentence, and an answer has been filed. This answer argues that the motion is barred by the statute of limitations set out in 28 U.S.C. §2255. The Government also opines that no appeal was taken because the Government would have cross-appealed the downward departure, exposing Hankins to a potential sentence increase of over 100 months.

In January of 2004, the Government says, Hankins wrote a letter to Bill Baldwin, Assistant U.S. Attorney for the Eastern District of Texas, asking for help and intimating that he, Hankins, can be of further assistance to the Government. On October 3, 2005, the Government says, Hankins filed a motion to compel the filing of a Rule 35 motion. This motion was denied on December 20, 2005. The Government also furnished copies of correspondence between Hankins and Broden, as well as an affidavit from Broden.

After reviewing the documents, the Magistrate Judge issued a Report on October 11, 2007, recommending that the motion to vacate sentence be denied. The Magistrate Judge set out the law on the statute of limitations and noted that Hankins had signed his motion almost four years after the limitations period had expired. Although Hankins maintained that he is entitled to have the limitation period equitably tolled, the Magistrate Judge rejected this argument. The Magistrate Judge stated that under Fifth Circuit precedent, mere attorney error or neglect was not grounds for equitable tolling of the limitations period, and that Hankins had not shown intentional deceit by Broden or that

he, Hankins, was pursuing his rights diligently. The Magistrate Judge also recommended that a certificate of appealability be denied *sua sponte*.

Hankins filed objections to the Magistrate Judge's Report on November 5, 2007. These objections contend that the Magistrate Judge's proposed factual findings and conclusions of law are "incomplete." He cites passages from his correspondence with Broden wherein the attorney told him to "be patient" and that he, Broden, would "monitor the situation." Hankins speculates that at some point, Broden's actions "turned into an intentional attempt to deceive," and insists that he diligently sought to pursue his rights, despite the passage of several years between sentencing and the start of Hankins' efforts to pursue post-judgment remedies. He cites United States v. Wynn, 292 F.3d 226 (5th Cir. 2002), but that case is readily distinguishable; in Wynn, the attorney openly lied to the petitioner, telling him that he had filed a Section 2255 motion when he had not, and then telling the petitioner's father that he had filed the petition "directly with the judge," in an effort to explain why the Clerk's Office had no record of it. The Fifth Circuit concluded that this was an extraordinary circumstance triggering equitable tolling of the limitations period.[1]

By contrast, in U.S. v. Riggs, 314 F.3d 796 (5th Cir. 2002), the petitioner Kevin Riggs was charged with possession of cocaine with intent to distribute and using or carrying a firearm during a drug trafficking offense. He took a direct appeal, and the conviction was affirmed in 1994, .

In 1996, Riggs hired an attorney named George Higgins to file a Section 2255 motion to vacate sentence. Higgins never filed the motion, for reasons which were not clear; Higgins says that he wanted to challenge the firearm conviction under the intervening decision of Bailey v. United States, 516 U.S. 137 (1995), but that Riggs wanted to challenge the possession conviction as well and would not allow him to file the motion, while Riggs says that Higgins told him that the limitations period did not expire until he began to serve the firearm sentence (which runs consecutively to the drug sentence).

---

[1] Wynn's attorney, Edward Daneri, was later disbarred.

3

Riggs finally hired new counsel and filed a Section 2255 motion in December of 2001, well after the limitations period had putatively expired. Despite this untimeliness, the district court granted relief on the firearm conviction. The district court found that Higgins had erred by advising Riggs of the wrong time for filing the Section 2255 motion, and that this incorrect advice warranted equitable tolling of the limitations period.

On appeal, the Fifth Circuit reversed the grant of relief. The Court held that an attorney's intentional deceit could warrant equitable tolling, but only if the petitioner showed that he "reasonably relied on his attorney's deceptive misrepresentations." However, the Court stressed that attorney error or neglect did not warrant equitable tolling. Riggs, 314 F.3d at 799.

The Court noted that there was no evidence that Higgins had intentionally misled Riggs, and that even under Riggs' version of events, Higgins had simply committed a basic and unprofessional error. Thus, the Court concluded that Riggs was not entitled to equitable tolling.

As the Magistrate Judge concluded, the present case is more akin to Riggs than it is to Wynn. Hankins has not shown that he is entitled to equitable tolling, and so his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original motion to vacate and attached affidavit, the response filed by the Government, the Report of the Magistrate Judge, Hankins' objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Movant Keithon Hankins is hereby denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 27th day of November, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**